### S. M. LEEMAN V. PEYTON WHEELER.

(Case No. 5728.)

1. PRACTICE—DISTRICT COURT—When a case is reversed and remanded by the supreme court because the district court had no jurisdiction thereof, that court has no power to make any order in the case other than to strike it from its docket.

2. JURISDICTION—SUPREME COURT—The supreme court has no jurisdiction to inquire into the action of the county court in determining that it has no jurisdiction of a cause. Errors committed in such cases must be corrected through that court, or the court of appeals.

APPEAL from Fannin. Tried below before the Hon. D. H. Scott.

This suit was filed by appellant, as administrator of E. W. Watson, to recover damages for the conversion by defendant of ten thousand pounds of seed cotton. The petition asked $300.00. Before the trial, jurisdiction of cases involving amounts under $500.00 was vested in the county court. The case was tried by the district court and resulted in

a judgment for plaintiff for $127.60. An appeal was taken, and the supreme court, reversing and remanding the case, directed the district court to strike it from its docket. Under that mandate the district court adjudged that the plaintiff take nothing by his suit, that defendant go thence without day, and recover of plaintiff all costs. From that action of the court this appeal was taken.

*Evans & Evans*, for appellant.

*Richard B. Semple*, for appellee.

STAYTON, ASSOCIATE JUSTICE.—As ruled on the former appeal, this cause was properly transferred from the district to the county court. As the case then stood, it was one of which the county court had jurisdiction to try, and was one over which the district court could not re-acquire jurisdiction, unless civil jurisdiction was taken from the county court of the county under the provisions of the constitution, or unless the county judge was disqualified to try the case. Neither of these causes for remanding the cause to the district court existed, and when returned to the district court it should have been simply stricken from its docket. This and more was done, for the district court adjudged that the plaintiff take nothing by his suit, that defendant go hence without day, and that he recover of the plaintiff all costs. This was in effect a final judgment, disposing of the merits of the cause, and was rendered by the district court when it had no jurisdiction to make any order in the case other than to strike it from its docket.

We have no power to inquire into the action of the county court, in which it determined that it had no jurisdiction of the case. If there was error in that, it must be corrected through that court or through a review of its judgment by the court of appeals. The judgment of the court below will be reversed and cause remanded, with instructions that the case be dismissed from its docket at the cost of the appellee. It is so ordered.

REVERSED AND REMANDED.

[Opinion delivered April 30, 1886.]