## TURNBOW v. J. E. BRYANT CO.

(Court of Civil Appeals of Texas. Amarillo. April 6, 1912. Certified to Supreme Court May 8, 1912.)

COURTS (§ 160*)—CRIMINAL COURTS—IMPLIED REPEAL.

Act March 20, 1911 (Acts 32d Leg. c. 93), restoring the civil and criminal jurisdiction of the county court of Castro county, repeals Act April 26, 1893 (Acts 23d Leg. c. 57), which diminished such jurisdiction, and conferred it upon the district court of the county.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 405; Dec. Dig. § 160.*]

Appeal from District Court, Castro County; L. S. Kinder, Judge.

Action by the J. E. Bryant Company against T. A. Turnbow. From a judgment in favor of plaintiff, defendant appeals. Appeal dismissed on motion.

Carl Gilliland, of Hereford, and Mark Cowsert, of Dimmitt, for appellant. G. W. Barcus, of Weatherford, for appellee.

PRESLER, J. This is a motion by appellee to dismiss this appeal, on the ground that there are no assignments of error filed in this cause, either here or in the trial court, and that there is no fundamental error apparent of record, and that this court is without jurisdiction to hear and determine this cause on its merits. It appears from the record that this suit was filed in the justice court of precinct No. 1, Castro county, on August 13, 1910, by appellee to recover the sum of $41.85, alleged to be due upon an open account. Thereafter on the 5th day of October, 1910, in said court, judgment was rendered against appellee and in favor of appellant, from which said judgment appellee duly appealed to the district court of Castro county, wherein on the 23d day of October, 1911, the said district court rendered judgment in favor of appellee for the sum of $41.85, with interest thereon at the rate of 6 per cent. per annum from January 1, 1910, and for all costs of suit, from which judgment appellant duly appeals to this court.

The decisive question presented in this case and raised by appellant's motion is, Did the district court of Castro county have jurisdiction to try and determine this cause and to render the judgment therein rendered? By the act of April 26, A. D. 1893, the civil and criminal jurisdiction of the county court of Castro county was diminished, and jurisdiction to hear and determine this suit was by section 2 of said act conferred upon the district court of Castro county. Volume 10, p. 504, Gammel's Laws of Texas; Act of 23d Legislature, c. 57, p. 74. Subsequently, however, by the act of March 20, 1911, the Legislature restored the civil and criminal jurisdiction (as provided by the general laws of this state) to the county court of Castro county. This act became effective on June 10, 1911, and, in our opinion, had the effect of repealing the previous act of April 26, 1893, diminishing the civil and criminal jurisdiction of the county court of Castro county, and conferring said jurisdiction upon the district court of said county. We are therefore of the opinion that at the time said district court heard this cause and rendered judgment herein, to wit, on the 23d day of October, 1911, said court was without jurisdiction to hear and determine the same, and that jurisdiction of said cause was by law then vested in the county court of Castro county, and, being further of the opinion that said district court being without jurisdiction of this case, and that the jurisdiction of this court to hear and determine this appeal upon its merits is dependent upon that of the said trial court, we conclude that appellee's motion to dismiss this appeal should be sustained. It is therefore ordered that this appeal be dismissed, with instructions to the trial court to set aside its former judgment herein rendered, and transfer this cause to the county court of Castro county. General Laws of Texas, Acts of 1911, p. 171; Revised Statutes, art. 1589; Leeman v. Wheeler, 66 Tex. 154, 18 S. W. 446; Stone v. Martin, 1 White & W. Civ. Cas. Ct. App. § 87.

Appeal dismissed.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes